UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

DEBRA BARR,

               Plaintiff,                              Case No. 16 CV 7505

            -against-

GASTROMARKET LTD. d/b/a DEATH AVE BREWING        **COMPLAINT**
COMPANY and PRADERA REALTY CORP.,

               Defendants.

_____

       Plaintiff, DEBRA BARR, (hereinafter the "Plaintiff"), by and through her counsel, Donald J. Weiss, Esq., hereby files this Complaint and sues GASTROMARKET LTD. d/b/a DEATH AVE BREWING COMPANY (the "Restaurant") and PRADERA REALTY CORP. (the "Owner"), both domestic corporations; the Restaurant and the Owner being hereinafter collectively known as "Defendants"), for a) injunctive relief, b) compensatory relief, and c) attorney fees and costs pursuant to 42 U.S.C. 12181, et. Seq., of the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") and alleges:

<u>**JURISDICTION AND PARTIES**</u>

       1.     This is an action for declaratory and injunctive relief pursuant to Title III of the ADA, 42 U.S.C. § 12181, et. Seq. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

       2.     Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in the State of New York.

       3.     The premises where the events which gave rise to this lawsuit is known as 315 10th Avenue, New York, New York (the "Property").

4.      Venue is proper in this Court as the Property is located in New York County.

5.      The Defendants are authorized to conduct, and are conducting, business within the State of New York.

6.      Upon information and belief, the Restaurant is the lessee and/or operator of a restaurant and bar at the Property, and maintains and controls that public accommodation.

7.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant is a place of public accommodation in that it is an establishment which provides goods and services to the public.

8.      Upon information and belief, the Owner is the owner, lessor and/or operator of the Property where the Restaurant is located, and allows and permits the Restaurant to occupy the Property.

9.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Property is a public accommodation covered by the ADA and which must be in compliance therewith.

10.      The remedies provided by the NYSHRL against discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

11.      The Plaintiff suffers from chronic inflammatory demyelinating polyneuropathy, a condition which results in progressive weakness and impaired sensory function in the legs and arms.  As a result, Plaintiff has been utilizing a wheelchair to ambulate. Plaintiff therefore has a disability within the meaning of the Title III of the ADA. 42 U.S.C. § 12102(2)(A).  Plaintiff also has a physical disability within the meaning of the laws of the State of New York.

### FACTS

12.      Plaintiff often shops and patronizes stores and restaurants in the neighborhood

where the Property is located as she lives nearby.  The last time Plaintiff visited the Restaurant prior to the filing of this complaint was on September 8, 2016, however, because of the architectural barriers at the entrance (see Exhibit A), Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at the Property.

13.     Defendants' violations impede upon Plaintiff's right to travel free of discrimination.

14.     Records of the NYC Department of Buildings are unclear but, upon information and belief, the Property has undergone substantial renovations since the implementation of the ADA.

15.     Prior to commencement of this action, an investigation of the Property was conducted, which revealed the following, including the statutory violations[1] described (all of which were observed by, or discussed with, Plaintiff prior to the filing of the Complaint):

The Restaurant appear to have two entrances, however, at the time of inspection, only the main entrance was used by patrons (the "ME").  The ME has two steps in front of it, one of 6 inches and the other 4 inches in height, with double doors which open out toward the sidewalk. The second entrance (the "SE") consists of a single door to the right of the ME (as you face it) and does not appear to be in use.  There is an 8 inch rise in front of that door which would prevent the Plaintiff from entering the Restaurant in her wheelchair.

The following violations are noted in the front of the Restaurant:

a.  The steps in front of the ME and the SE create rises within the maneuvering clearance of each entrance that Plaintiff cannot navigate in her wheelchair.  There is no accessible route that allows the Plaintiff to move from the sidewalk into the

---

[1] All of the statutes cited hereunder refer to the 2010 ADA Standards for Accessible Design.

Restaurant (201.1, 206.2.1, 206.2.4, 206.4, 402).

b. There is no accessible route that consist of components capable of navigation by a wheelchair due to the Defendants' failure to ramp the rises over ½ inch at the entrances (206.4, 303.4, 402.1, 402.2, 403.4, 404, 405).

c. The Restaurant has failed to provide an accessible means of egress (207).

Upon entry, there is a bar to the left and several bar height tables on the right. There is no lowered section of the bar which would allow the Plaintiff to approach to join friends or place an order without assistance. There are two small dining rooms just past the bar area. These rooms are set off to the side and have curtains rather than doors. The tables in these areas have bench seating. Past the two smaller dining rooms is the main dining area, consisting of a large open space with "pedestal" style tables. There is also an outside dining area, with a 28 inch wide door which opens outwards and has is a 9 – 10 inch step leading down to that area. There is an outdoor bar and "pedestal" style tables. Finally, there is a room which appears to have been recently built and is currently unused, other than for storage, and is accessed from the outside through the SE.

The following violations are noted in the dining areas of the Restaurant:

d. The Restaurant must provide an accessible route to all dining areas and the steps at the entrances mean there is no accessible route from the sidewalk to any of the dining areas (206.2.5, 902.1).

e. There is no accessible seating or tables in any of the dining areas which allow enough space for the Plaintiff to comfortably sit in her wheelchair beneath a table (226.1, 226.2, 306, 306.1, 306.2, 306.3, 902).

f. The bars do not have a lowered section (less than 36 inches high and at least 36 inches long) which would allow the Plaintiff to approach and place an order or join others

(904.4, 227.3).

There are two unisex bathrooms.  The bathrooms are located down a hall off of the main dining area.  While one of the bathrooms is too small to accommodate a wheelchair, it appears that the other bathroom is larger and could be made handicap accessible.  That is the bathroom which will be addressed.

This bathroom does not have grab bars on the back or wall side of the toilet.  Grab bars are required on two walls to assist handicap individuals from transferring to and from the chair to the toilet.  The toilets flusher is on the closed side of the toilet, making it difficult or impossible for the Plaintiff to flush when done using the toilet.  The mirror, soap dispenser and sink controls are all out of reach for a patron in a wheelchair.

The following violations are noted in the bathroom inspected:

g.  There is no signage that directs patrons in wheelchairs to the nearest accessible toilet (216.8).

h.  There are no grab bars.  Grab bars are required on the back wall and the side wall closest to the toilet to allow the Plaintiff to transfer to and from her chair to toilet (604.5, 604.5.1, 604.5.2 and 609).

i.  The mirror is hung with the bottom of the reflective edge over 40 inches from the floor and does not allow an individual to see themselves as able bodied persons can (603.3).

j.  The height of the faucet and the cabinet under the sink deny Plaintiff the ability to access and use the sink (305, 606, 606.2, 606.3).

k.  The cabinet under the sink interferes with the required 60 inches clear floor space at the toilet which allows a person in a wheelchair to make a side transfer (604.3).

## COUNT I - VIOLATIONS OF THE ADA

16.     The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

17.     The ADA and the 2010 Standards for Accessible Design dictate that property owners and operators of commercial premises being used as "commercial establishments" are responsible for complying with these Federal Accessibility Standards.

18.     The Plaintiff is informed and believes that the Property has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

19.     Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others that are similarly situated, by denying full and equal access to and full and equal enjoyment of goods, services, facilities, privileges, advantages, and/or accommodations at the Property, in violation of the ADA.

20.     The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the Restaurant.

21.     Plaintiff visited the Restaurant with the intention of enjoying Defendants' facilities, but was denied access to the Restaurant, and therefore suffered an injury fact.

22.     Plaintiff will continue to visit the Property in the future, but continues to be injured and discriminated against due to the architectural barriers which remain at the Property, all in violation of the ADA.

23.     There may be other current violations of the ADA at the Property, and only once a full inspection is done can all said violations be identified.

24.     To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

25.     The Defendants continue to deny Plaintiff, who wishes to enjoy the Restaurant's goods and services, opportunities which are equal to that afforded to others, by discriminating on the basis of a disability. 42 U.S.C. §§ 12182(b)(l)(A)(ii) and 12182(b)(l)(D)(i); 28 C.F.R. §§ 36.202(b) and 36.204.

26.     Defendants could have removed some of the illegal barriers at the Restaurant by ramping the step at the ME and providing an ADA compliant bathroom.

27.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief;  including an order to alter the Property to make it readily accessible to, and useable by, individuals with disabilities to the extent required by ADA, and closing the Restaurant until the requisite modifications are completed.

## COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

28.     Plaintiff repeats, reiterates, and re-alleges each and every allegation hereinabove set forth with the same force and effect as if hereinafter set forth at length.

29.     The New York City Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and or denied to any person on account of…disability…

NYC Admin. Code §8-107(4)(a).

30.     Defendants are in violation of the New York City Human Rights Law by

denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Property.

**COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

31.     Plaintiff repeats, reiterates, and re-alleges each and every allegation hereinabove set forth with the same force and effect as if hereinafter set forth at length.

32.     The New York State Human Rights Law provides:

> It shall be unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation…because of the…disability…of any person, directly, or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities, or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of…disability…

NYS Exec. Law §296 (2)(a).

33.     The Property is a place of public accommodation as defined in the New York State Human Right Law.

34.     The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

35.     Defendants are in violation of the New York State Human Rights law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Property.

**DAMAGES**

36.     The Plaintiff demands Two Thousand ($2,000.00) in compensatory damages based on the Defendants' violation of the New York City Human Rights Law and the New York State Human Rights Law.

## INJUNCTIVE RELIEF

37.     Pursuant to 42 U.S.C. §1288, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Property to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights law, and closing the Restaurant until the requisite modifications are completed.

## ATTORNEY'S FEES, COSTS & COMPENSATORY DAMAGES

38.     The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorneys' fees costs and expenses paid by the Defendants, pursuant to the ADA and the New York City Human Rights Law.

39.     Plaintiff prays for judgment pursuant to N.Y. Exec. Law §297(9), including compensatory damages as provided for therein.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants jointly and severally and requests the following injunctive and declaratory relief:

a.   The Court declares the Property owned, operated, leased, controlled, and/or administered by the Defendants are in violation of the ADA, the New York City Human Rights Law, and of the New York State Human Rights Law;

b.   The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

c.   The Court enter an order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time

to as to allow the Defendants to undertake and complete corrective procedures to the

Property;

      d.   The Court award Plaintiff such damages as are provided for under New York

State Law;

      e.   The Court award reasonable attorney fees, all costs (including but not limited to

court costs, expert fees, etc.) and other expenses of suit to the Plaintiff; and

      f.   The Court award such other and further relief as this Court deems necessary,

just and proper.

Dated:  September 26, 2016

*Donald J. Weiss*
_____
Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
1 Penn Plaza, Suite 4701
New York, NY 10119
(212) 967-4440

**EXHIBIT A**

