UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBRA BARR,

                Plaintiff,

    -against-

GASTROMARKET LTD. d/b/a DEATH AVE BREWING COMPANY and PRADERA REALTY CORP.,

                Defendants.

Case No. 16 CV 7505

**CONSENT STIPULATION**

---

        **WHEREAS,** Plaintiff DEBRA BARR ("Plaintiff") filed a complaint in the above-captioned action against defendants GASTROMARKET LTD. d/b/a DEATH AVE BREWING COMPANY (the "Restaurant") and PRADERA REALTY CORP. (with the Restaurant hereinafter referred to as "Defendants", and Plaintiff and Defendants as the "Parties"), alleging *inter alia,* certain purported violations of the Americans with Disabilities Act, 42 U.S.C 12181, and related claims arising under New York State Executive Law, the New York City Human Rights Law, and the New York Civil Rights Law, and seeking certain forms of relief thereunder (the "Action"); and

        **WHEREAS,** the claims alleged herein by Plaintiff arise in connection with the restaurant operating at the property located at 315-317 10th Avenue, New York, New York (the "Property"); and

        **WHEREAS,** Defendants have denied all allegations that they have violated any laws, statutes, rules, regulations or ordinances; and

        **WHEREAS,** the Parties desire to settle the Action, without an admission of liability, on the terms and conditions set forth herein; it is therefore

        **IT IS HEREBY STIPULATED, CONSENTED AND AGREED,** that the Action shall be settled as follows:

        1.    <u>Remedial Measures</u>. The Defendants hereby agree to undertake the following

remedial actions at the Property to the extent not already taken, and maintain the stated conditions at the premises until the premises cease to operate as a restaurant:

    a.    Install a permanent ramp, with railings (collectively, the "Ramp"), at the entrance to the Property which would allow Plaintiff and other wheelchair bound patrons to enter the Property. The Ramp will be compliant with the accessibility requirements set forth in Section 405 of the 2010 ADA Standards for Accessible Design. The installation of the Ramp shall be completed within six months of the date this Stipulation is filed with the Southern District Court of New York (the "Start Date"). The time period for the installation of the Ramp shall be subject to, events beyond the control of the Defendants, such as delay in obtaining approved building or zoning permits from any governmental agency, including the New York City Department of Buildings and City of New York Fire Department, application for which shall be filed no later than 90 days from the Start Date (including the Landmarks Preservation Commission, if applicable), failure of any governmental inspectors to make inspections, contractor defaults, work stoppages or slow-downs due to labor-related disputes or severe weather conditions (*e.g.*, snow storms and hurricanes), acts of God, *force majeure*, acts of war or terrorism, and the like. In the event of such unforeseen circumstances, it is agreed that upon a showing of diligent efforts to comply with the terms of this Stipulation, Defendants may request from Plaintiff's counsel an extension of time to complete the said installation, which consent shall not be unreasonably withheld. Within 30 days of the installation of the Ramp, the attorney for the Restaurant shall notify Plaintiff's counsel and shall furnish photograph(s) of the completed Ramp;

    b.    To the extent not already existing, within one hundred twenty days of the Start Date, provide ADA compliant accessible tables on accessible routes in 5% of available dining areas and

drinking spaces dispersed throughout the Restaurant (and in the rear outside yard dining area, in the event it is opened again for use by patrons) in accordance with Section 902 of the 2010 ADA Standards for Accessible Design;

    c.    To the extent not already existing, within six months of the Start Date, provide an ADA compliant, wheelchair accessible toilet room, including (but not limited to) the following:

        i.    provide a door with minimum 32 inch width which does not open into the clear floor space of the toilet room;

        ii.    the door will remain unlocked for use by disabled patrons at all times the restaurant is open.

        iii.    posting of signs directing patrons to the accessible toilet room and identifying the accessible toilet room.

    d.    In the event the outdoor dining area, which is currently closed, is again utilized by patrons of the Restaurant, within thirty days of the commencement of such use the Restaurant shall install a Trust-T-Lift 750 Vertical Platform Lift that will be permanently in place during the duration of the Restaurant's tenancy at the Property for wheelchair patrons to access the rear yard, together with a minimum 32 inch wide door (to the extent one does not already exist) so that patrons using wheelchairs shall have independent means of using the outdoor dining area.

    e.    The Restaurant will train all employees as to the requirements of the ADA in restaurants which includes use of the toilet facilities without asking permission, the placement of seating on an accessible route and the importance of maintaining the proper placement so that rearrangement does not have to occur when a disabled patron arrives.

    2.    <u>Settlement Amount.</u>

The Parties hereto agree that monetary compensation shall be paid to Plaintiff's counsel in resolution of all claims asserted in this action, pursuant to a separate and confidential letter dated as of the date of this Stipulation and signed by counsel for the Plaintiff and Defendants ~~as authorized representatives of their respective clients~~ (such compensation being known as the "Settlement Payment"). The Settlement Payment shall be in full and complete satisfaction of all damages, fees, expenses, expert fees, and attorney's fees incurred by Plaintiff and Plaintiff's attorney in connection with all claims alleged, and all claims that could have been alleged, by Plaintiff in the Action.

3. <u>Release.</u>

Plaintiff, for valuable consideration, receipt of which is acknowledged, on behalf of himself and his heirs, beneficiaries, executors, administrators, attorneys, successors, assigns, and agents, past and present, expressly and forever, waives, discharges, releases and covenants not to sue Defendants, their respective lessors, lessees, landlords, predecessors, successors, parents, subsidiaries, divisions, affiliates, assigns, officers, shareholders, stockholders, attorneys, directors, officers, board members, agents, insurers and employees, past, present and future, and their successors, assigns and agents, as well as any other persons or entities, known or unknown to Plaintiff, liable or who might be claimed by Plaintiff to be liable (collectively, the "Released Parties") of and from any and all claims of any kind whatsoever, brought in any individual or representative capacity, whether known or unknown, which the Plaintiff ever had or now has, against the Released Parties from the beginning of the world to the Effective Date of this Agreement, in connection with the real property located at 315-317 10th Avenue, New York, New York and Action, in law or equity, regardless of damages, including but not limited to, any claims

that were or could have been asserted, including any claims that were or could have been asserted in the Action, including but not limited to any attorneys' fees, claims for injunctive relief, statutory damages, and bodily and/or physical injury, relating to any conduct or matter occurring on or prior to the Effective Date, including but not limited to conduct relating to any claims which are known or unknown, fixed or contingent, and by reason of any matter, cause, thing, charge, claim, right or action whatsoever, against and as to the Defendants and/or any of the other Released Parties, including, but not limited to any alleged conduct of the Defendants and the Released Parties which might be alleged by Plaintiff to constitute disability discrimination, or any claim or right under the Americans With Disabilities Act, 42 U.S.C. §12101 et seq., the New York Human Rights Law, New York City Human Rights Law, or any other provision of federal, New York State, New York City, or local statutory or common law, provided, however, that the foregoing release and discharge shall not apply to the enforcement of any of the terms embodied in this Agreement. Except as otherwise set forth herein all Parties shall bear their own costs, attorneys' fees, and expenses, other than those specified in this Agreement, and all Parties agree not to file or pursue any further motions or cross claims, of any kind, in this matter.

4.  Withdrawal of Action.

Upon execution of this Stipulation, Plaintiff's counsel shall file a joint stipulation of dismissal with prejudice and order of dismissal in the form attached hereto as Exhibit A.

5.  No Admission of Liability.

Nothing in this Stipulation shall constitute or be deemed to constitute an admission of fault, wrongdoing or liability on the part of Defendants. Defendants acknowledge, without conceding, any infirmity in their defenses, that they are entering into this Stipulation solely in order to settle

5

Barr v. Gastromarket et. al. final 12/14/16

this dispute and to avoid the further expense and inconvenience of litigation. Plaintiff acknowledges that nothing herein is to be construed as an admission of liability or culpability by either of the Defendants, and acknowledges further that the remedial steps to be taken herein constitute a satisfactory resolution of the access claims alleged herein.

6. <u>Fees and Expenses</u>.

Each of the Parties shall bear their own attorneys' fees and costs incurred in connection with or related to the Action not otherwise encompassed by the terms of this Stipulation provided, however, that in the event of breach of this Stipulation, the non-breaching Party shall be entitled to seek to collect any fees or expenses incurred, including reasonable attorneys' fees, by reason of any efforts required to enforce this Stipulation, or the separate letter agreement relating to compensation.

7. <u>Authority</u>.

Each signatory hereto represents and warrants that he/she has full authority to enter into this Stipulation on behalf of that Party. All references to the Defendants herein shall be deemed to include their successors and assigns.

8. <u>Governing Law and Jurisdiction</u>.

This Stipulation shall be deemed to be made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of New York. The Parties agree that venue for any litigation brought to enforce this Stipulation shall lie in the United States District Court for the Southern District of New York, or, if that Court refuses to accept jurisdiction, in any court of competent jurisdiction in New York, New York.

9. <u>Interpretation</u>.

The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Stipulation has been negotiated by and between the Parties' respective counsel, and shall not be construed against the "drafter" of the Stipulation.

10. Modification of Stipulation.

This Stipulation may be amended, revoked, changed, or modified only upon a written agreement executed by the Parties. No waiver of any provision of this Stipulation will be valid unless it is in writing and signed by the Party against whom such waiver is charged.

11. Entire Agreement.

This Stipulation sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

12. Signatures in Counterparts.

This Stipulation can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if the Parties had the same signature page. A facsimile copy, or Adobe PDF, of any Party's signature shall be deemed as legally binding as an original signature.

13. Headings.

The headings of the Sections in this Stipulation have been inserted for convenience or reference only, are not intended to be considered as a part hereof, and shall not modify or restrict any of the terms or provisions hereof.

14. Third Party Beneficiaries. Nothing in this Agreement shall create or be

deemed to create any third party beneficiary rights in any person or entity not a Party to this Agreement.

15. **Binding Nature of Agreement.** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each Party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

IN WITNESS WHEREOF, the Parties have hereunder set their hands as of the date set forth below.

Dated: New York, New York
December 6, 2016

_____
DEBRA BARR

GASTROMARKET LTD.

By: _____
Name:
Title:

So Ordered:

_____
USDCJ

PRADERA REALTY CORP.

By: _____
Name:
Title:

Barr v. Gastromarket et. al. final 12/14/16

8

deemed to create any third party beneficiary rights in any person or entity not a Party to this Agreement

15. <u>Binding Nature of Agreement</u>. This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each Party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

IN WITNESS WHEREOF, the Parties have hereunder set their hands as of the date set forth below.

Dated: New York, New York
       , 2016

 

DEBRA BARR

GASTROMARKET LTD.    PRADERA REALTY CORP.

By: _____    By: _____
Name: Michael Tzezailidis    Name:
Title: Owner    Title:

So Ordered:

_____
USDCJ

8

Barr v. Gastromarket et. al. final 12/14/16

deemed to create any third party beneficiary rights in any person or entity not a Party to this Agreement

15.     Binding Nature of Agreement. This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each Party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

IN WITNESS WHEREOF, the Parties have hereunder set their hands as of the date set forth below.

Dated: New York, New York
                    , 2016

_____
DEBRA BARR

GASTROMARKET LTD.                        PRADERA REALTY CORP.

By:_____                 By:_____
Name:                                     Name:
Title:                                    Title:

So Ordered:

_____
USDCJ

8

Barr v. Gastromarket et. al. final 12/14/16